Lina F. Stillman, Esq.
Aygul Charles, Esq.

Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (800) 933-5620

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
Guillermina Bautista, Maribel Rivera, Yuriana Alejo,
Cecilia Davila, Jackeline Bautista and Sandra Mejia
individually *and on behalf of others similarly situated*

                           *Plaintiff,*

                    -against-
Liox Cleaners Inc., and Wash Supply Laundromat, Inc.
(d/b/a "Wash Supply Laundromat"), Sergey Patrikeen,
Kostantyn Didorenko and Victoria Patrikeen

                        *Defendants.*
--------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**
**and CLASS ACTION**
**UNDER FRCP 23**

**ECF Case**

**JURY TRIAL**
**DEMANDED**


      Plaintiffs Guillermina Bautista, Maribel Rivera, Yuriana Alejo, Cecilia Davila, Jackeline

Bautista, Sandra Mejia, and individually and on behalf of others similarly situated ("Plaintiffs"),

by and through their attorneys, Stillman Legal, P.C. bring this Class and Collective Action

Complaint on behalf of themselves and their similarly situated co-workers against Wash Supply

Laundromat, Inc. and Liox Cleaners Inc., (d/b/a Wash Supply Laundromat ) Sergey Patrikeen,

Kostantyn Didorenko, Victoria Patrikeen (collectively, "Defendants") pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y.

1

Lab. Law § 650 et seq., as recently amended by the Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

## NATURE OF ACTION

1.      This Class and Collective Action Complaint seeks to recover minimum wage, overtime compensation, spread-of-hours pay, unlawful deductions and breach-of-contract and quantum meruit damages for Plaintiffs and their similarly situated co-workers who have been employed by Wash Supply Laundromat, Inc. and Liox Cleaners Inc as laundromat workers for some or all of the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2.      Plaintiffs are all present employees of Defendants. Plaintiffs' duties as Defendants' employees include but are not limited to washing, folding and drying clothes.

3.      Wash Supply Laundromat, Inc. and Liox Cleaners Inc have jointly employed Plaintiffs at all relevant times.

4.      Defendants joint employment arises from their manipulation of corporate forms in order to commit some or all of the wage violations alleged herein. Defendants are in fact one integrated business.

5.      Wash Supply Laundromat, Inc. and Liox Cleaners Inc  share the same leadership and those individuals jointly exercise control over Plaintiffs' employment as described herein.

6.     As described herein, Individual Defendants Sergey Patrikeen, Kostantyn Didorenko, Victoria Patrikeen and ("Individual Defendants") jointly employ Plaintiffs' employers for the purposes of the instant claims.

7.     Wash Supply Laundromat, Inc.  is a Laundromat company with a principal place of business located at 409 Amsterdam Avenue, New York NY 10024.  Wash Supply in essence washes the clothes of customers of Liox Cleaners Inc., among others.

8.     Liox Cleaners Inc is a company with a principal place of business located at 123 Allen Street, New York NY.

9.     Defendants Sergey Patrikeen, Kostantyn Didorenko, Victoria Patrikeen and have jointly owned, operated and controlled Defendant Corporations and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

10.     At all relevant times, Plaintiffs regularly work for Defendants in excess of 40 hours per week, without receiving appropriate minimum wage, overtime compensation for any of the hours that they worked.

11.     At all relevant times, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

12.     At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

13.     At all relevant times, Defendants failed to pay Plaintiffs minimum wage, or indeed any wage at all, for hours actually worked at the start of Plaintiffs' workday.

14.     At all relevant times, Defendants had a policy requiring unlawful deductions from Plaintiffs' wages, for example, for items which were damaged during Plaintiffs' shifts. These

unlawful deductions aggravated Defendants' existing non-compliance with various federal and state wage laws. See, e.g., 29 C.F.R. § 531.35, N.Y. Lab. Law § 193.

15.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

16.     Plaintiffs now bring this Class and Collective Action on behalf of themselves, and other similarly situated individuals, for federal and state claims relating to unpaid minimum wage, overtime wages, unpaid spread-of-hours wages, failure to maintain records, and the taking of unlawful deductions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR"). In addition, Plaintiffs bring this action on behalf of themselves and other similarly situated individuals for state breach-of-contract and quantum-meruit claims.

17.     In connection with the above-mentioned allegations and claims, Plaintiffs seek compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

18.     Plaintiffs seek certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants, and as a putative class action under FRCP 23 with respect to the New York state law claims.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 USC § 1367.

20.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

21.     This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

22.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, certain Plaintiffs reside in this District and because a substantial part of the events that are the subject of the litigation transpired in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

23.     Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants on or after November 25, 2014 who elect to opt-in to this action (the "FLSA Collective").

24.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

25.     As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

5

    a.   Willfully failing to pay minimum wage, overtime wages for hours worked in excess of 40 hours per week;

    b.   Willfully unlawfully deducting earned wages;

    c.   Willfully failing to keep records that satisfy statutory requirements.

26.    At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records require by the FLSA.

27.    The claims of Plaintiffs stated herein are similar to those of the other employees and Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

28.    Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiffs and the FLSA Collective minimum wage, overtime premium for hours worked in excess of 40 hours per workweek.

29.    Defendants' unlawful conduct has been widespread, repeated and consistent.

## CLASS ACTION ALLEGATIONS

30.     Plaintiffs bring certain NYLL claims pursuant to FRCP 23 on behalf of all of Defendants' employees who work or have worked for Defendants from November 24, 2014 and the date of final judgment in this matter ("the Class").

31.     Excluded from the Class are, inter alia, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

32.     On information and belief, the size of the Class is roughly fifty individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

33.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a.   Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations.

   b.   Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek.

   c.   Whether Defendants misclassified Plaintiffs and members of the Class as exempt.

   d.   Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class, and other records required by the NYLL.

   e.   Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

7

f.  The nature and extent of class-wide injury and the measure of damages for
those injuries.

34.     Plaintiffs' claims are typical of the Class's claims that they seek to represent.
Defendants employed Plaintiffs and the Class in New York State. Plaintiffs and the Class enjoy
the same NYLL rights to receive minimum wage, overtime; to be protected from unlawful
deductions; to have legally sufficient record-keeping. Plaintiffs and the Class have all sustained
similar type of damages as a result of Defendants' non-compliance with the NYLL. Plaintiffs
and the Class have all been injured by virtue of Defendants' under compensation of them or
Defendants' failure to compensate them due to Defendants' common policies, practices and
patterns of conduct.

35.     Plaintiffs will fairly and adequately represent and protect the interests of the
Class's members. Plaintiffs understand that as class representatives they assume a fiduciary
responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that
as class representatives, they must represent and consider the interests of the class just as they
would represent and consider their own interests. Plaintiffs understand that in decisions
regarding the conduct of the litigation and its possible settlement, they must not favor their own
interests over the Class's interests. Plaintiffs recognize that any resolution of a class action must
be in the best interest of the Class. Plaintiffs understand that in order to provide adequate
representation, they must be informed of developments in litigation, cooperate with class
counsel, and testify at deposition/trial. Plaintiffs have retained counsel competent and

experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Class.

36.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

37.     This action is properly maintainable as a class action under FRCP 23(b)(3).

**PARTIES**

*Plaintiffs*

38.     Plaintiff Guillermina Bautista ("Plaintiff Bautista") is an adult individual residing in Queens County, New York. Plaintiff Bautista has been employed by Defendants from on or about March 12, 2019.  At all relevant times to this complaint, Plaintiff Bautista has been employed by Defendants as a laundry worker.

39.     Plaintiff Maribel Rivera ("Plaintiff Rivera") is an adult individual residing in Bronx County, New York. Plaintiff Rivera has been employed by Defendants from October

2013. At all relevant times to this complaint, Plaintiff Rivera was employed by Defendants as a laundry worker.

40.     Plaintiff Yuriana Alejo ("Plaintiff Alejo") is an adult individual residing in Bronx County, New York. Plaintiff Alejo has been employed by Defendants from on or about August 15, 2015. At all relevant times to this complaint, Plaintiff Alejo has been employed by Defendants as a laundry worker.

41.     Plaintiff Cecilia Davila ("Plaintiff Davila") is an adult individual residing in Bronx County, New York. Plaintiff Davila has been employed by Defendants from approximately July 20, 2018.  At all relevant times to this complaint, Plaintiff Davila was employed by Defendants as a laundry worker.

42.     Plaintiff Jackeline Bautista ("Plaintiff Guillermina") is an adult individual residing in Bronx County, New York. Plaintiff Guillermina has been employed by Defendants from on or about Jun2 2019. At all relevant times to this complaint, Plaintiff Guillermina was employed by Defendants as a laundry worker.

43.     Plaintiff Sandra Mejia ("Plaintiff Mejia") is an adult individual residing in Bronx County, New York. Plaintiff Mejia has been employed by Defendants from on or about December 2018. At all relevant times to this complaint, Plaintiff Mejia was employed by Defendants as a laundry worker.

44.     Plaintiffs consent to being a party pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of

similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

*Defendants*

45.     Individual Defendants have owned, operated and controlled Wash Supply Laundromat, Inc.and  Liox Cleaners Inc.  at all times relevant to this complaint.

46.     On information and belief, Wash Supply Laundromat, Inc.  and Liox Cleaners Inc. are a corporations organized and existing under the laws of the State of New York.

47.     Upon information and belief, Wash Supply Laundromat, Inc.  and Liox Cleaners Inc individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

48.     On information and belief, the operations of Wash Supply Laundromat, Inc.  and Liox Cleaners Inc individually and collectively implicate interstate commerce. In addition, the materials that these Defendants employ in the provision of their services move in interstate commerce, be those materials detergent, softener etc.

49.     Defendant Sergey Patrikeen is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporations during the relevant time period, and she is sued individually. Defendant Sergey Patrikeen has possessed and exercised operational control over Defendant Corporations, for example, she has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Sergey Patrikeen has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

11

50.     Defendant Kostantyn Didorenko is an individual who has been de facto and de jure owner, officer and/or agent of Defendant Corporations during the relevant time period, and she is sued individually. Defendant Kostantyn Didorenko has possessed and exercised operational control over Defendant Corporations, for example, she has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Kostantyn Didorenko plays a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

51.     Defendant Victoria Patrikeen is an individual who has been owner, officer and/or agent of Defendant Corporations during the relevant time period, and she is sued individually. Defendant Victoria Patrikeen has possessed and exercised operational control over Defendant Corporations, for example, she has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## COMMON FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

52.     Defendants operate two (2) laundromats with headquarters at 409 Amsterdam Avenue, New York NY 10024, where Plaintiffs work.

53.     At all relevant times, Individual Defendants Sergey Patrikeen, Kostantyn Didorenko, Victoria Patrikeen and possess or possessed operational control over Defendant

Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

54.     Corporate Defendants purport to be separate corporate entities. On information and belief, this is not true and Defendants have manipulated the corporate forms in order to deprive Plaintiffs and other employee members of the Proposed Class of FLSA, NYLL and other state law protections.

55.     Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

56.     At relevant times, each Corporate Defendant possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

57.     Corporate Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

58.     In the alternative, Corporate Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals, as the corporate divisions between them are fictional.

59.     Upon information and belief, Individual Defendants Sergey Patrikeen, Kostantyn Didorenko and  Victoria Patrikeen and operate each Defendant Corporation as the alter ego of the other one, and/or fail to operate Defendant corporations as legal entities separate and apart from themselves by, among other things:

13

(a)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(b)     transferring assets and debts freely as between all Defendants.

(c)     operating Defendant Corporations for Individual Defendants' own benefit as the sole or majority shareholder(s) even as the Defendant Corporations operated collectively in the execution of their laundry worker business.

(d)     operating Defendant Corporations for each Individual Defendants' own benefit and maintaining control over it as a closed corporation or closely controlled entity.

(e)     intermingling assets and debts of Defendants Corporations.

(f)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(g)     other actions evincing a failure to adhere to the corporate form.

60.     At all relevant times, Individual Defendants were Plaintiffs' employers within the meaning of the FLSA, NYLL and other law.

61.     Individual Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

62.     Individual Defendants supervised Plaintiffs' work schedules and conditions of employment.

63.     Individual Defendants also determined the rate and method of payment for Plaintiffs and other similarly situated employees. For example, Individual Defendants

collectively coordinated that all its Latino employees would receive less than minimum wage and work over 40 hours per week

64.     Individual Defendants also controlled and guided what limited recordkeeping that took place at Wash Supply Laundromat, Inc., which Plaintiffs contend is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiffs*

65.     Plaintiffs are present employees of Defendants, primarily employed in performing the duties of washing and folding laundry for customers.

66.     Plaintiffs did not work at their own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiffs did not come and go at their pleasure, but rather were controlled by Defendants.

67.     Plaintiffs worked a flexible schedule because Defendants changed them as they saw fit.

68.     None of the Plaintiffs have ever received minimum wage or overtime wages at the current legal rate.

69.     Plaintiffs are non-exempt under FLSA and the NYLL. Among other things, Plaintiffs did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor. Plaintiffs did not receive salary and their primary duties—the packing and laundry worker of boxes did not require advance knowledge in a field of science or learning.

70.     Plaintiffs commence this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

*Plaintiff Guillermina Bautista*

71.     Plaintiff Bautista has been employed by Defendants from approximately March 12, 2019 to present.

72.      At all relevant times, Plaintiff Bautista was employed by Defendants to work as a laundry worker.

73.     Plaintiff Bautista regularly handles goods in interstate commerce, such as laundry, softener and other items that were necessary to perform her work and that were produced outside of the State of New York.

74.      Plaintiff Bautista's work duties require neither discretion nor independent judgment.

75.     Throughout her employment with Defendants, Plaintiff Bautista regularly worked in excess of 40 hours per week.

76.     Plaintiff Bautista works a different schedule every week.

77.     Plaintiff Bautista has worked approximately 60-70 hours per week.

78.     Plaintiff Bautista has never been paid at the legal minimum wage. Currently, she is paid $12 per hour.

79.     Defendants regularly fail to pay Plaintiff Bautista for wages earned from the time she arrives at Defendants warehouse to do pre-job prep work until the moment Plaintiff arrives at the job site. Defendants require Plaintiffs to report to the warehouse first and work these hours despite not permitting them a corresponding wage.

80.     Plaintiff Bautista was charged for furniture she purportedly damaged during a job she was scheduled to work, and Defendants' estimate of that damage was unlawfully deducted from her earned wages.

81.     Defendants did not provide Plaintiff Bautista with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

82.     Defendants never provided Plaintiff Bautista with a written notice, in English and in Spanish (Plaintiff Bautista's primary language), of her rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Plaintiff Maribel Rivera*

83.     Plaintiff Rivera has been employed by Defendants from on or about October 2013 until the present time.

84.      At all relevant times, Plaintiff Rivera was employed by Defendants to work as a laundry worker.

85.     Plaintiff Rivera regularly handles goods in interstate commerce, such as laundry detergent and more, that are necessary to perform her work and that were produced outside of the State of New York.

86.      Plaintiff Rivera's work duties require neither discretion nor independent judgment.

87.     Throughout her employment with Defendants, Plaintiff Rivera regularly works in excess of 40 hours per week.

88.     Plaintiff Bautista works a different schedule every week.

89.     Plaintiff Rivera has worked up to 75 hours per week.

90.    Plaintiff Rivera is currently paid $12 dollars an hour.

91.    Defendants regularly fail to pay Plaintiff for wages earned from the time she arrives at Defendants warehouse to do pre-job prep work until the moment Plaintiff arrives at the job site. Defendants require Plaintiffs to report to the warehouse first and work these hours despite not permitting them a corresponding wage.

92.    Defendants did not provide Plaintiff Rivera with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

93.    Defendants never provided Plaintiff Rivera with a written notice, in English and in Spanish (Plaintiff Bautista's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Yuriana Alejo*

94.    Plaintiff Alejo has been employed by Defendants from August 15, 2015 until the present time.

95.    At all relevant times, Plaintiff Alejo was employed by Defendants to work as a laundry worker.

96.    Plaintiff Alejo regularly handles goods in interstate commerce, such as laundry detergent, soap etc., that are necessary to perform her work and that were produced outside of the State of New York.

97.    Plaintiff Alejo's work duties require neither discretion nor independent judgment.

98.    Throughout her employment with Defendants, Plaintiff Alejo has worked in excess of 40 hours per week.

99.     From approximately March 2010 until present Plaintiff Alejo works a different schedule every week.

100.    Plaintiff Alejo has worked up to 70 hours per week during her tenure with Wash Supply.

101.    Plaintiff Alejo is currently being paid $12 per hour.

102.    Defendants regularly fail to pay Plaintiff for wages earned from the time she arrives at Defendants warehouse to do pre-job prep work until the moment Plaintiff arrives at the job site. Defendants require Plaintiffs to report to the warehouse first and work these hours despite not permitting them a corresponding wage.

103.    Defendants did not provide Plaintiff Alejo with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

104.    Defendants never provided Plaintiff Alejo with a written notice, in English and in Spanish (Plaintiff Bautista's primary language), of her rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Plaintiff Cecilia Davila*

105.    Plaintiff Davila has been employed by Defendants since on or about  July 20, 2018.

106.     At all relevant times, Plaintiff Davila has been employed by Defendants to work as a laundry worker.

107.    Plaintiff Davila regularly handles goods in interstate commerce, such as laundry detergent, soap etc., that are necessary to perform her work and that were produced outside of the State of New York.

19

108.    Plaintiff Davila's work duties require neither discretion nor independent judgment.

109.    Throughout her employment with Defendants, Plaintiff Davila has worked in excess of 40 hours per week.

110.    From the beginning of her tenure with Defendants until Present Plaintiff Davila works a different schedule every week.

111.    Plaintiff Davila has worked up to 70 hours per week.

112.    Plaintiff Davila currently earns $12 per hour, which falls short of the $15 per hour minimum wage.

113.    Defendants did not provide Plaintiff Davila with each payment of wages an accurate statement of wages, as require by NYLL 195(3).

114.    Defendants never provided Plaintiff Davila with a written notice, in English and in Spanish (Plaintiff Bautista's primary language), of her rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Plaintiff Guillermina Bautista*

115.    Plaintiff Guillermina has been employed by Defendants since on or about March 12, 2019 until the present time.

116.    At all relevant times, Plaintiff Guillermina has been employed by Defendants to wash clothes at their laundromat.

117.     Plaintiff Guillermina regularly handles goods in interstate commerce, such as laundry detergent, soap etc., that are necessary to perform her work and that were produced outside of the State of New York.

118.     Plaintiff Guillermina's work duties require neither discretion nor independent judgment.

119.     Throughout her employment with Defendants, Plaintiff Guillermina has worked in excess of 40 hours per week.

120.     Plaintiff Guillermina works a different schedule every week.

121.     Plaintiff Guillermina has worked approximately 50-60 hours per week for Defendants

122.     Plaintiff Guillermina is currently being paid $12 per hour, which falls short of the $15 per hour required by law.

123.     Defendants did not provide Plaintiff Guillermina with each payment of wages an accurate statement of wages, as require by NYLL 195(3).

124.     Defendants never provided Plaintiff Guillermina with a written notice, in English and in Spanish (Plaintiff Bautista's primary language), of her rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Plaintiff Sandra Mejia*

125.     Plaintiff Mejia has been employed by Defendants since on or about December 2018.

126.     At all relevant times, Plaintiff Mejia has been employed by Defendants to work as a laundry worker.

21

127.    Plaintiff Mejia regularly handles goods in interstate commerce, such as laundry detergent, soap etc., that are necessary to perform her work and that were produced outside of the State of New York.

128.    Plaintiff Mejia's work duties require neither discretion nor independent judgment.

129.    Throughout her employment with Defendants, Plaintiff Mejia has worked in excess of 40 hours per week.

130.    From the beginning of her tenure with Defendants until the Present time, Plaintiff Mejia a works a different schedule every week.

131.    Plaintiff Mejia has worked up to 75 hours per week.

132.    Plaintiff Mejia works approximately 50-60 hours per week during the winter months.

133.    Plaintiff Mejia is currently being paid $12.00, which falls short of the required $15 per hour.

134.    Defendants did not provide Plaintiff Mejia with each payment of wages an accurate statement of wages, as require by NYLL 195(3).

135.    Defendants never provided Plaintiff Mejia with a written notice, in English and in Spanish (Plaintiff Bautista's primary language), of her rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Defendants' General Employment Practices*

136.    Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime wages or spread of hours compensation.

137.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation or spread of hours compensation, as require by federal and state laws.

138.    Defendants withhold Plaintiffs' earned wages for items which are damaged on a job to which Plaintiffs are assigned when these are Defendants' own costs of doing business and which further encroach upon Plaintiffs' earned wages resulting in violations of federal, state and municipal wage statutes.

139.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

140.    By employing this practice, Defendants avoided paying Plaintiffs at the minimum wage, overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

141.    Defendants failed to post require wage and hour posters and did not provide Plaintiffs with statutorily require wage and hour records or statements of their pay received, in

part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

142.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for minimum wage, overtime due, and (3) for spread of hours pay.

143.    Defendants did not provide Plaintiffs, and similarly situated employees, with the wage statements and annual pay notices require by NYLL §§195(1) and 195(3).

144.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the minimum wage, overtime rate or rates of pay; the number of regular hours worked, and the number of minimum wage, overtime hours worked, as required by NYLL §195(3).

145.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

### FIRST CAUSE OF ACTION
**(Violation of FLSA minimum wage, overtime/Unlawful Deduction/Recordkeeping Provisions)**

146.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

148.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

149.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

25

150.    Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) minimum wage, overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

151.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) minimum wage, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

152.    Defendants took unlawful deductions from Plaintiffs' earned wages and the FLSA Collective's earned wages.

153.    Defendants, in violated of the FLSA, failed to pay Plaintiffs agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

154.    Defendants failed to satisfy the FLSA's recordkeeping requirements.

155.    Defendants acted willfully in their violations of the FLSA's requirements.

156.    Plaintiffs (and the FLSA Collective) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of the Minimum wage, overtime/Unpaid Wages/Unlawful Deductions/Spread-of-Hours-Pay/Recordkeeping/Wage Statement Provisions of NYLL)**

157.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

158.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

159.   Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs minimum wage, overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

160.   Defendants failed to pay Plaintiffs (and the Class members) in a timely fashion, as require by Article 6 of the New York Labor Law.

161.   Defendants' failure to pay Plaintiffs (and the Class members) minimum wage, overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

162.   Defendants, in violation of the NYLL, failed to pay Plaintiffs agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

163.   Plaintiffs (and the Class Members) were damaged in an amount to be determined at trial.

164.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

165.   Defendants failed to pay Plaintiffs (and the Class) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

166.     Defendants' failure to pay Plaintiffs (and the Class) an additional hour's pay for each day Plaintiffs' (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

167.     Plaintiffs (and the Class members) were damaged in an amount to be determined at trial.

168.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

169.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as require by NYLL §195(1).

170.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

171.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

172.     Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as require by NYLL 195(3).

173.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

174.     Defendants acted willfully in their violation of the above-described NYLL requirements.

## THIRD CAUSE OF ACTION
### (Breach of Contract)

175.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

176.    Although Plaintiffs were employees and not contractors, assuming, <u>arguendo</u>, Plaintiffs would still be entitled to damages based upon the above-described facts under the latter scenario as Plaintiffs performed their laundry worker services, Defendants failed to perform their contractual obligations, <u>i.e.</u>, full payment for the laundry worker services, and Plaintiffs suffered damages as a result, <u>i.e.</u>, failure to receive the full consideration for which they had contracted.

177.    These allegations are as true for Class members as they are for Plaintiffs.

178.    Plaintiffs (and the Class Members) were damaged in an amount to be determined at trial.

## **FOURTH CAUSE OF ACTION**

### **(Quantum Meruit)**

179.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

180.    Plaintiffs performed the laundry worker services described in the above-described pleading in good faith with the expectation of Plaintiffs' agreed-upon wage, which is a reasonable value of those services.

181.    Defendants accepted Plaintiffs' laundry worker services as they were rendered to Defendants' clients on Defendants' behalf.

182.    Plaintiffs never obtained the agreed-upon wage insofar as deductions to which Plaintiffs did not agree were taken from the earned wages.

183.    These allegations are as true for Class members as they are for Plaintiffs.

184.    Plaintiffs (and the Class Members) were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and their right to join, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

(c)     Designating Plaintiffs as Class Representatives, reasonable service awards for each Plaintiff, and their counsel of record as Class Counsel;

(d)     Declaring that Defendants have violated the minimum wage, overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(e)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(f)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(g)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum wage, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)     Declaring that Defendants have violated the minimum wage, overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class members compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA Class members;

(m)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum wage, overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and minimum wage, overtime compensation shown to be owed pursuant to NYLL § 663 as

applicable;

(p)     Awarding Plaintiffs and the FLSA class members pre-judgment and post-

judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA class members the expenses incurred in this

action, including costs and attorney's fees; and

(r)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
        December 23, 2020

                        STILLMAN LEGAL, P.C.


                        ___/s/*Lina Stillman*_____
                        By:     42 Broadway
                                12th Floor
                                New York, NY 10004
                                *Attorneys for Plaintiffs*